PAUL. G. GARDEPHE
THURGOOD MARSHALL
UNITED STATES
COURT HOUSE
40 FOLEY SQUARE
NEW YORK, NY, 10007

OMAR TORRES
86020-054
MDC BROOKLYN

Tuesday July 14, 2020

Honorable Judge, PAUL.G.GARDEPHE

Your honor, I am writing you in regards to the COVID-19 pandemic, as it pertains to my incarceration at the MDC in Brooklyn. My attorney has told me that you do not have the authority to order a COVID-19 test, but I know from other inmates that this was a lie, perhaps motivated to keep me from being able to ask for compassionate release. Thus, I would like to formally request testing, as well as your further consideration in my case. I have lost a grandmother and two other family members to COVID-19. Additionally, I have lost an immeasurable amount of time with my children. I ask you to please consider compassionate release in my case and immediate deportation to my country in order to be reunited with my family sooner; to be with them and grieve our losses during this unprecedented time. I have endured much at the MDC, much indignity and suffering that you can alleviate. Please, your Honor. Many thanks and God bless. ATT:

Omar Torres

PAUL. G. GARDEPHE
Thurgood Marshall
United States
Court House
40 Foley Square
New York, NY 10007

OMAR Torres
86020-054
MDC Brooklyn

Tuesday July 14, 2020

Honorable Judge, PAUL.G.GARDePHe

    Your honor, I am writing you in regards to the COVID-19 pandemic, as it pertains to my incarceration at the MDC in Brooklyn. My attorney has told me that you do not have the authority to order a COVID-19 test, but I know from other inmates that this was a lie, perhaps motivated to keep me from being able to ask for compassionate release. Thus, I would like to formally request testing, as well as your further consideration in my case. I have lost a grandmother and two other family members to COVID-19. Additionally, I have lost an immeasurable amount of time with my children. I ask you to please consider compassionate release in my case and immediate deportation to my country in order to be reunited with my family sooner; to be with them and grieve our losses during this unprecedented time. I have endured much at the MDC, much indignity and suffering that you can alleviate. Please, your Honor. Many thanks and God bless. ATT:

Omar Torres

The application for compassionate release is denied. On August 13, 2019, Torres – who is a citizen of Venezuela -- pled guilty to conspiring to distribute, and possess with intent to distribute, 500 grams of cocaine on board a vessel subject to the jurisdiction of the United States. (Aug. 13, 2019 Plea Tr. (Dkt. No. 115) at 11) Torres's guilty plea arose from his participation in trafficking 624 kilograms of cocaine on a vessel located approximately 350 nautical miles off the coast of Barbados. (PSR ¶ 8) The vessel was intercepted by the U.S. Coast Guard, which seized the cocaine. (Feb. 20, 2020 Sentencing Tr. (Dkt. No. 263) at 9) Torres is a skilled mechanic and sailor who was working as a deckhand on the vessel. In the plea agreement, the parties stipulated that Torres possessed a firearm onboard the vessel. (Id. at 10) Consequently, Torres faced a Sentencing Guidelines range of 210 to 262 months' imprisonment, with a mandatory minimum sentence of 60 months' imprisonment pursuant to 21 U.S.C. § 960(b)(2)(B). (Id. at 3) This Court granted a variance down to the statutory mandatory minimum of five years. The Court's variance was premised on the fact that Torres operated at the absolute bottom of the charged conspiracy, and participated in the voyage – at great risk to himself – as a result of economic desperation. (Id. at 9-13; see also Judgment (Dkt. No. 236) at 2)

Torres now seeks "compassionate release . . . and immediate deportation to [his] country in order to be reunited with [his] family." (July 14, 2020 Def. Ltr. (Dkt. No. 326) at 1) Torres states that his grandmother and two other family members have died – presumably in Venezuela – as a result of contracting the COVID-19 virus. (Id.)

The Government opposes Torres's application, asserting that (1) he "has failed to establish that there are 'extraordinary and compelling reasons' for relief under § 3582(c)"; and (2) "the balance of the Section 3553(a) factors serves as an independent basis for denial of the motion." (Aug. 4, 2020 Govt. Ltr. (Dkt. No. 329) at 1)

On May 28, 2020, Torres submitted a request for compassionate release to the Bureau of Prisons ("BOP"). The warden of his facility denied that application on June 11, 2020. (Id. at 3; Id., Exs. A, B) Torres filed the instant application on July 14, 2020. (Id.) The Court concludes that Torres has exhausted his administrative remedies. See 18 U.S.C. § 3582(c)(1)(A)(i).

Torres's application fails on the merits, however. He is 41 years old, and he has no medical conditions that make him susceptible to the COVID-19 virus. (See Torres PSR at 3, ¶¶ 56-57; Aug. 4, 2020 Govt. Ltr., Ex. C) Defendant does not assert that he is currently ill, or that he has any medical issues that are not being addressed by the Bureau of Prisons. (July 14, 2020 Def. Ltr. (Dkt. No. 326) at 1) Defendant's request for COVID-19 testing, and his familial losses – standing alone – are not "extraordinary and compelling" reasons justifying his release. See United States v. Simmons, No. 15 CR. 445 (PAE), 2020 WL 1847863, at *1 (S.D.N.Y. Apr. 13, 2020) (denying compassionate release where defendant "does not fit into any heightened risk category for COVID-19").

Accordingly, Torres's application for compassionate release is denied. The Clerk of Court is directed to terminate the motion (Dkt. No. 326). A copy of this memo endorsement will be mailed to Defendant by Chambers.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

August 10, 2020